SHEVIN, Judge.
Yohany Sigler appeals his conviction and sentence as a habitual violent felony offender. We affirm.
Sigler was arrested on an outstanding warrant for probation violation. The officers first handcuffed and then placed Sigler in a police vehicle; shortly thereafter the car door was discovered opened and Sigler was missing. He was charged with escape and found guilty.
The State sought imposition of a habitual violent felony offender sentence. At the sentencing hearing, Sigler introduced a psychologist’s testimony regarding Sigler’s severe drug abuse problem as a mitigating circumstance. During direct examination, defense *293 counsel asked the psychologist to state an opinion as to whether Sigler’s drug abuse led him to commit crimes. The state objected for lack of foundation, and the court sustained the objection. The court then imposed a habitual violent felony offender sentence.
On appeal, Sigler raises three points in support of reversal: 1) The court erred in sustaining the state’s objection, precluding the psychologist from testifying as to why Sigler commits crimes; 2) The court abused its discretion in habitualizing Sigler, by not giving the psychologist’s testimony the weight it deserved; 3) The court erred in denying Sigler’s motion for judgment of acquittal. We briefly address each point in turn.
We cannot agree with Sigler that the court erroneously curtailed his right to present evidence of mitigating factors at sentencing. Although the court properly sustained the state’s objection to the question, “[I]t would be your expert opinion that the reason why [defendant] committed crimes is due to his drug abuse[,]” the psychologist did testify extensively regarding Sigler’s drug abuse problems and its effects as mitigating factors. The psychologist at one point specifically testified, “He indicated to me that he’s never committed a crime unless he is under the influence of drugs.” Therefore, the psychologist’s testimony of drug abuse as a mitigating factor was clearly not precluded and the evidence of mitigation was fully presented.
Notwithstanding, the court did not abuse its discretion in sentencing Sigler as a habitual violent felony offender. Sigler never disputed the prior qualifying convictions and never contended that he had received pardons. Therefore, even in light of the mitigating factors, the imposition of the habitual violent felony offender sentence was not an abuse of discretion. § 775.084(4)(b), Fla. Stat. (1995).
Lastly, we find no error in the court’s failure to grant Sigler’s motion for judgment of acquittal. In this ease the state presented competent evidence inconsistent with the defendant’s theory of events, State v. Law, 559 So.2d 187 (Fla.1989), and established the escape by circumstantial evidence. See Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978); Helton v. State, 311 So.2d 381 (Fla. 1st DCA 1975).
Based on the foregoing reasoning, we affirm defendant’s conviction and sentence.
Affirmed.